IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THERESA LYNN HERNANDEZ,

        Plaintiff,

v().  No. CIV-14-0143 LAM

CAROLYN W. COLVIN, Acting Commissioner
of the Social Security Administration,

        Defendant.

# MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's *Motion to Reverse and Remand for a Rehearing, With Supporting Memorandum (Doc. 15)*, filed October 2, 2014 (hereinafter "motion"). On November 20, 2014, Defendant filed a response to the motion [*Doc. 16*], and, on December 15, 2014, Plaintiff filed a reply [*Doc. 17*]. In accordance with 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(b), the parties have consented to the undersigned United States Magistrate Judge to conduct all proceedings and enter a final judgment in this case. [*Docs. 4* and *6*]. The Court has considered Plaintiff's motion, Defendant's response, Plaintiff's reply, and the relevant law. Additionally, the Court has meticulously reviewed and considered the entire administrative record. [*Doc. 12*]. For the reasons set forth below, the Court **FINDS** that Plaintiff's motion should be **GRANTED** and the decision of the Commissioner of the Social Security (hereinafter "Commissioner") should be **REMANDED** for further proceedings consistent with this Memorandum Opinion and Order.

## I.   Procedural History

On March 16, 2010, Plaintiff filed an application for Disability Insurance Benefits (hereinafter "DIB") alleging that she became disabled on November 23, 2009.  [*Doc. 12-6* at 3-4]. Plaintiff stated that she became disabled due to: diabetes, asthma, high blood pressure, obesity, right shoulder torn tendon surgery, left shoulder pain, and lower back pain.  [*Doc. 12-7* at 6]. The application was denied at the initial level on June 18, 2010 (*see Doc. 12-5* at 2-5), and was denied at the reconsideration level on September 13, 2010 (*id.* at 9-11).  Pursuant to Plaintiff's request (*id.* at 21-22), Administrative Law Judge Ann Farris (hereinafter "ALJ") conducted a hearing on March 8, 2012.  [*Doc. 12-3* at 22-58].  At the hearing, Plaintiff was present, was represented by an attorney, and testified.  *Id.* at 22, 28-50.  In addition, Vocational Expert (hereinafter "VE"), Judith Beard, was present and testified.  *Id.* at 22, 50-57.

On April 3, 2012, the ALJ issued her decision, finding that, under the relevant sections of the Social Security Act, Plaintiff was not disabled.  [*Doc. 12-3* at 13-21].  Plaintiff requested that the Appeals Council review the ALJ's decision (*id.* at 7), and, on December 16, 2013, the Appeals Council denied Plaintiff's request for review (*id.* at 2-5), which made the ALJ's decision the final decision of the Commissioner.  On February 17, 2014, Plaintiff filed her complaint in this case. [*Doc. 1*].

## II.   Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992)).  If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's

decision stands, and the plaintiff is not entitled to relief. *See Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). Courts should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *Hamlin*, 365 F.3d at 1214; *Langley*, 373 F.3d at 1118.

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118 (citation and quotation marks omitted); *Hamlin*, 365 F.3d at 1214 (citation and quotation marks omitted); *Doyal*, 331 F.3d at 760 (citation and quotation marks omitted). An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118 (citation and quotation marks omitted); *Hamlin*, 365 F.3d at 1214 (citation and quotation marks omitted). While a court may not re-weigh the evidence or try the issues *de novo*, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) (citations omitted). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

### III. Applicable Law and Sequential Evaluation Process

For purposes of DIB, a person establishes a disability when he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last

3

for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. § 404.1505(a). In light of this definition for disability, a five-step sequential evaluation process (SEP) has been established for evaluating a disability claim. 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the SEP, the claimant has the burden to show that: (1) the claimant is not engaged in "substantial gainful activity;" and (2) the claimant has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) the claimant's impairment(s) either meet(s) or equal(s) one of the "Listings" of presumptively disabling impairments; or (4) the claimant is unable to perform his "past relevant work." 20 C.F.R. § 404.1520(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. At the fifth step of the evaluation process, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other work in the national economy, considering his residual functional capacity (hereinafter "RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

## IV.   Plaintiff's Age, Education, Work Experience, and Medical History; and the ALJ's Decision

Plaintiff was born on May 2, 1967. [*Doc. 12-6* at 3]. Plaintiff has held the following jobs: bakery sales, cleaning, driver, factory worker, and kitchen helper. [*Doc. 12-7* at 8]. Plaintiff stated that she became disabled due to: diabetes, asthma, high blood pressure, obesity, right shoulder torn tendon surgery, left shoulder pain, and lower back pain. *Id.* at 6. Plaintiff's medical records include: records from MaryBeth Plummer, P.T., CSFA (*Doc. 12-12* at 34-39 and *Doc. 12-13* at 8-9); a Physical Residual Functional Capacity Assessment by Lawrence Kuo, M.D., dated June 9, 2010 (*Doc. 12-22* at 27-34); and a Case Analysis by Mark A. Werner, M.D., dated

September 13, 2010 (*Doc. 12-23* at 30).<sup>1</sup>  Where relevant, Plaintiff's medical records are discussed in more detail below.

At step one of the five-step evaluation process, the ALJ found that Plaintiff has not engaged in substantial gainful activity since Plaintiff's alleged disability onset date of November 23, 2009. [*Doc. 12-3* at 15].[2]  At step two, the ALJ found that Plaintiff has the following severe impairments: right rotator cuff tear status post repair, degenerative joint disease in the knees, and obesity.  *Id.*   At the third step, the ALJ found that Plaintiff does not have an impairment or combination of impairments that met or medically equaled any of the Listings found in 20 C.F.R. § 404, Subpt. P, Appx. 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526).  *Id.* at 16.

Before step four, the ALJ determined that Plaintiff has the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) except that Plaintiff: "can occasionally climb, balance, and stoop;" "cannot kneel, crouch, [or] crawl;" and "cannot engage in overhead reaching or walking on uneven surfaces."  *Id.* at 17.  In support of the RFC finding, the ALJ stated that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [ALJ's RFC] assessment."  *Id.* at 18.  The ALJ stated that the state agency physicians concluded that Plaintiff

---

[1] The Court notes that the "Court Transcript Index" for the Administrative Record states that a "Medical Assessment Mental Ability - Work Related Activities," from the City of Albuquerque Employee Health Center, dated June 11, 2010, is at Exhibit No. 14F in the Administrative Record.  *See* [*Doc. 12-2* at 3].  However, Exhibit 14F appears to be a Progress Note from the City of Albuquerque Employee Health Center, dated June 8, 2010, regarding a follow up on Plaintiff's right shoulder impingement/rotator cuff tear and repair.  *See* [*Doc. 12-22* at 35].  The Court did not find a "Medical Assessment Mental Ability - Work Related Activities" in the Administrative Record.

[2] At the hearing, Plaintiff amended her alleged onset date to October 6, 2010 (*Doc. 12-3* at 27); however, the ALJ did not note this new onset date in her decision (*see Doc. 12-3* at 15).  The Court finds that this discrepancy in the alleged onset date does not affect the Court's decision.  Nevertheless, the Court instructs Defendant on remand to proceed with the proper onset date.

could perform light work activities, so the ALJ gave great weight to their opinions as to the nature and severity of her impairments and resulting limitations. *Id.* at 19. At step four, the ALJ found that Plaintiff is unable to perform any of her past relevant work, so the ALJ proceeded to the fifth step. *Id.* at 20.

At the fifth and final step, the ALJ noted that Plaintiff was born on May 2, 1967, so she was 42 years old on the alleged disability onset date,[3] which is defined as a younger individual age 18-44. *Id.* The ALJ noted that Plaintiff has at least a high school education and is able to communicate in English. *Id.* The ALJ stated that "[t]ransferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that [Plaintiff] is 'not disabled,' whether or not [Plaintiff] has transferable job skills." *Id.* (citing Soc. Sec. Rep. 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2). The ALJ found that, considering Plaintiff's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that Plaintiff can perform. *Id.* at 20-21. The ALJ stated that she asked the VE "whether jobs exist in the national economy for an individual with [Plaintiff's] age, education, work experience, and [RFC]," and the VE testified that such an individual would be able to perform the requirements of representative occupations such as the following: document preparer, order clerk, and jewelry preparer. *Id.* at 21. The ALJ stated that "the [VE's] testimony is not consistent with the information contained in the Dictionary of Occupational Titles because the DOT does not specify direction of reaching." *Id.* The ALJ concluded that "[Plaintiff] is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." *Id.* The ALJ, therefore, determined that Plaintiff was not disabled within the meaning of the Social Security Act. *Id.*

---

[3] The Court notes that Plaintiff would have also been a younger individual if the ALJ had used the amended alleged disability onset date of October 6, 2010, as Plaintiff would have been 43 years old on that date.

6

## V.  Analysis

In her motion to reverse or remand, Plaintiff contends that the ALJ erred in her RFC assessment by: (1) failing to properly consider the evidence relating to Plaintiff's ability to sit (*Doc. 15* at 12-14);[4] (2) failing to properly consider evidence regarding Plaintiff's ability to push and pull (*id.* at 14-15); and (3) failing to order a consultative examination regarding Plaintiff's depression (*id.* at 15-16).  Plaintiff also contends that the ALJ erred in her reliance on the VE's testimony (*id.* at 16-20), and in her credibility finding (*id.* at 20-21).  In response, Defendant contends that the ALJ did not err in her RFC assessment or in her reliance on the VE's testimony. [*Doc. 16* at 9-20].

### A.  The ALJ's RFC Determination

#### *1.  Sitting Limitations*

Plaintiff first contends that the ALJ erred in her RFC determination by failing to properly consider physical therapist MaryBeth Plummer's opinion that Plaintiff could sit for only 2-4 hours at a time, and that this opinion is consistent with Plaintiff's complaints of severe pain.  [*Doc. 15* at 12-13] (citing *Doc. 12-12* at 39).  In response, Defendant contends that the ALJ properly considered Plaintiff's treatment history and past surgeries, and relied on Dr. Veitch's opinions regarding Plaintiff's limitations and ability to work.  [*Doc. 16* at 10].

A claimant's RFC is based on how the claimant's physical and mental limitations affect the claimant's ability to work, and is "the most [a claimant] can still do despite [those] limitations." 20 C.F.R. § 404.1545(a)(1); *see also* Soc. Sec. Rep. 96-8p, 1996 WL 374184 at *2 ("RFC is what an individual can still do despite his or her limitations.").  The ALJ must base the RFC assessment

---

[4]  To the extent Plaintiff is claiming error on the basis of the ALJ's failure to include a function-by-function assessment, as stated in the heading of her first claim (*see Doc. 15* at 12), the Court finds that this claim has been waived because Plaintiff fails to develop this claim or provide any support for this alleged error.  *See Wall v. Astrue*, 561 F.3d 1048, 1066 (10th Cir. 2009) (finding that conclusory issues that are not developed have been waived).

7

on all of the relevant evidence in the record, such as medical history, laboratory findings, effects of treatment and symptoms, including pain, reports of daily activities, lay evidence, recorded observations, medical source statements, evidence from attempts to work, need for a structured living environment, and work evaluations, if any.  Soc. Sec. Rep. 96-8p at *5.  "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."  *Id.* at *7.  The ALJ "must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved," and the RFC assessment must always consider and address medical source opinions.  *Id.*  Because the ALJ must consider the whole record, she is prohibited from "pick[ing] and choos[ing] among medical reports, using portions of evidence favorable to his position while ignoring other evidence."  *Carpenter v. Astrue*, 537 F.3d 1264, 1265 (10th Cir. 2008) (citation and internal quotation marks omitted).  When there are multiple opinions regarding medical severity and functional ability from different sources, the ALJ must explain the weight given to each source's opinions.  *Hamlin*, 365 F.3d at 1215 (citation omitted).

In her Functional Capacity Evaluation of Plaintiff, MaryBeth Plummer, P.T., CSFA, opined that Plaintiff can sit for two to four hours at one time.  [*Doc. 12-12* at 39].  The Court finds that Ms. Plummer's opinion is consistent with the ALJ's RFC determination that Plaintiff can perform sedentary work, because sedentary work is for individuals who can sit for approximately six hours of an eight-hour workday with breaks at approximately two hour intervals.  *See* Soc. Sec. Rep. 96-9p, 1996 WL 374185, at *6 (explaining that the breaks allowed for sedentary work would be "at approximately 2-hour intervals").  The Court, therefore, finds no inconsistency between Ms. Plummer's opinion, so there was no error in the ALJ's consideration of

Ms. Plummer's opinion. In addition, while Plaintiff contends that the ALJ erred by failing to consider the effect of Plaintiff's obesity on her sitting capabilities (*see Doc. 15* at 13-14), the Court notes that Ms. Plummer specifically considered Plaintiff's "extreme obesity" in her evaluation of Plaintiff's abilities. *See* [*Doc. 12-12* at 35]. Plaintiff fails to cite to evidence in the record regarding any effects of Plaintiff's obesity which are not accounted for in the ALJ's RFC determination. *See Hall v. Shalala*, No. 92-7140, 999 F.2d 547, 1993 WL 261957, *5, n.1 (10th Cir. June 28, 1993) (unpublished) (finding that Plaintiff's claim that the ALJ failed to adequately consider his obesity as disabling was without merit because Plaintiff presented no objective medical evidence regarding the effect of his obesity on his ability to engage in work activities). For these reasons, the Court finds that Plaintiff's claim that the ALJ failed to properly consider her limitations regarding her ability to sit should be denied.

### 2. *Pushing and Pulling Limitations*

Next, Plaintiff contends that the ALJ's RFC determination is in error because the ALJ failed to address Ms. Plummer's opinion that Plaintiff could perform no pushing or pulling of arm controls. [*Doc. 15* at 14] (citing *Doc. 12-13* at 8). Plaintiff contends that this finding is supported by other evidence in the record, and that the ALJ should have ordered a consultative examination based on this evidence. [*Doc. 15* at 14-15]. In response, Defendant contends that Plaintiff mischaracterizes Ms. Plummer's opinion, because she did not state that Plaintiff could perform *no* pushing or pulling of arm controls but, instead, stated that Plaintiff could not use her hands for *repetitive* actions such as pushing and pulling of arm controls. [*Doc. 16* at 12]. The Court finds that Defendant's contention regarding the wording of Plaintiff's claim is without merit because the ALJ did not include any limitation on pushing or pulling of arm controls, and, yet, did not explain her rejection of Ms. Plummer's findings on this limitation. The Court, therefore, finds

that the ALJ's RFC determination was in error with regard to Ms. Plummer's opinion regarding the pushing and pulling of arm controls.  *See* Soc. Sec. Rep. 96-8p, 1996 WL 374184 at *7 ("The RFC assessment must always consider and address medical source opinions.  If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").  While Defendant contends that the ALJ did not err in her consideration of Ms. Plummer's opinions because Ms. Plummer is not an acceptable medical source (*see Doc. 16* at 12), this is an impermissible *post hoc* rationalization.  *See Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) (explaining that reviewing courts may only evaluate an ALJ's decision "based solely on the reasons stated in the decision," and that it would be improper for a reviewing court or the Commissioner to "supply[] possible reasons" for an ALJ's decision after the fact) (citation omitted).  The Court, therefore, finds that this case should be remanded for consideration of Ms. Plummer's opinions in accordance with Soc. Sec. Rep. 96-8p.  The Court instructs the ALJ that, on remand, the ALJ shall either incorporate Ms. Plummer's findings into Plaintiff's RFC assessment, or sufficiently explain why they are rejected.

### 3.  *Consultative Examination*

Finally, Plaintiff contends that the ALJ erred in her RFC determination by failing to order a consultative examination with regard to Plaintiff's depression.  [*Doc. 15* at 15-16].  Defendant contends that this claim should be denied because there was little evidence in the record that Plaintiff was depressed, or that she sought treatment for her depression, and because Plaintiff did not claim depression as one of her medical conditions in her application.  [*Doc. 16* at 16].

There are three instances when an ALJ should order a consultative examination: (1) "where there is a direct conflict in the medical evidence;" (2) "where the medical evidence in the record is inconclusive;" and (3) "where additional tests are required to explain a diagnosis already contained

in the record." *Barrett v. Astrue*, No. 08-2300, 340 Fed. Appx. 481, 486, 2009 WL 2400267 (10th Cir. Aug. 6, 2009) (unpublished) (citations and internal quotation marks omitted). "[T]he ALJ should order a consultative exam when evidence in the record establishes a reasonable possibility of the existence of a disability and the result of the consultative exam could reasonably be expected to be of material assistance in resolving the issue of disability." *Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997). The Tenth Circuit has explained that when determining whether an ALJ should have ordered a consultative examination, "the starting place must be the presence of some objective evidence in the record suggesting the existence of a condition which could have a material impact on the disability decision requiring further investigation." *Hawkins*, 113 F.3d at 1167 (citation omitted).

Here, Plaintiff cites to no objective evidence in the record suggesting that Plaintiff had a mental condition that could have a material impact on the ALJ's disability decision. Instead, in support of her claim, Plaintiff cites to her testimony at the hearing, and to a progress note where she reported feeling depressed because she was not working. *See* [*Doc. 15* at 16] (citing to *Doc. 12-3* at 34 and *Doc. 12-23* at 21). However, there is no evidence in the record showing a conflict, inconclusive findings, or a diagnosis with regard to Plaintiff having depression. Therefore, the Court finds that the evidence in the record does not establish a reasonable possibility of the existence of a mental disability, so the ALJ's duty to further develop the record was not triggered in this case, and this claim should be denied.

### B.   Plaintiff's Remaining Claims

Because the Court finds that Plaintiff's case should be remanded for further consideration of Ms. Plummer's opinion regarding Plaintiff's ability to push and pull, the Court finds that it is unnecessary to reach Plaintiff's remaining claims regarding the ALJ's reliance on the VE's

testimony and credibility finding. *See Robinson*, 366 F.3d at 1085 (declining to reach the claimant's step-five claims because they may be affected by the ALJ's resolution of the case on remand) and *Lopez v. Astrue*, No. 09-2187, 371 Fed. Appx. 887, 889 and 892 n.6, 2010 WL 1172610 (10th Cir. March 29, 2010) (unpublished) (after finding that the ALJ erred by failing to articulate what weight she gave to the treating physicians' opinionns, the Tenth Circuit declined to reach claims regarding the ALJ's reliance on the VE's testimony, the ALJ's credibility assessment, and the claimant's subjective complaints of pain, because those issues may be affected by the ALJ's treatment of the case on remand) (citing *Robinson*, 366 F.3d at 1085).

## VI.   Conclusion

For the reasons stated above, the Court **FINDS** that the Commissioner's decision should be remanded to properly consider Ms. Plummer's opinion regarding Plaintiff's ability to push and pull as set forth above.

**IT IS THEREFORE ORDERED** that, for the reasons stated above, Plaintiff's *Motion to Reverse and Remand for a Rehearing, With Supporting Memorandum (Doc. 15)* is **GRANTED** and this case is **REMANDED** to the Commissioner for further proceedings consistent with this Memorandum Opinion and Order.  A final order will be entered concurrently with this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

*Lourdes a. Martinez*
_____
**THE HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**