IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THERESA LYNN HERNANDEZ,

      Plaintiff,

v.                                        No. CIV-14-0143 LAM

CAROLYN W. COLVIN, Acting Commissioner
of the Social Security Administration,

      Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR EAJA FEES

**THIS MATTER** is before the Court on Plaintiff's *Opposed Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, With Memorandum in Support (Doc. 21)*, filed August 6, 2015. The Commissioner filed a response in opposition to the motion on August 19, 2015 [*Doc. 22*], and Plaintiff filed a reply on August 24, 2015 [*Doc. 23*]. In her motion, Plaintiff asks the Court for an award of attorney fees in the amount of **$6,867.40** as authorized by the Equal Access to Justice Act (hereinafter "EAJA") at 28 U.S.C. § 2412(d). [*Doc. 21* at 1]. The Commissioner opposes the motion because she asserts that her position was substantially justified. [*Doc. 22*]. Having considered the motion, response, reply, the record in this case, and relevant law, the Court **FINDS** that Plaintiff's motion is well-taken and shall be **GRANTED**.

EAJA provides for an award of attorney fees to a plaintiff when: (1) she is a prevailing party, (2) the position of the United States was not substantially justified, and (3) there are no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d)(1)(A); *Hackett v.*

*Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007).   Here, the Commissioner does not contend that

Plaintiff is a prevailing party or that there are special circumstances that would make the award

unjust; rather, the Commissioner contends that her position was substantially justified.   *See*

[*Doc. 22* at 3-6].   The Commissioner bears the burden of showing that her position was

substantially justified.   *See Hackett*, 475 F.3d at 1172.   "The test for substantial justification in

this circuit is one of reasonableness in law and fact."   *Id.* (*quoting Gilbert v. Shalala*,

45 F.3d 1391, 1394 (10th Cir. 1995)).   The Commissioner must show that her position was

"justified to a degree that could satisfy a reasonable person."   *Hackett*, 475 F.3d at 1172 (*quoting*

*Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).   A court's remand order does not mean, *ipso*

*facto*, that the Commissioner's position was not substantially justified; that is, her "position can be

justified even though it is not correct," that is, "if it has a reasonable basis in law or fact."

*Hackett*, 475 F.3d at 1172 (*quoting Pierce*, 487 U.S. at 566, n.2).   However, even when the

Commissioner prevails on most issues before the district court, the Court can still find that the

Commissioner "acted unreasonably in denying benefits at the administrative level."   *Hackett*,

475 F.3d at 1174, n.1.

     In this case, this Court entered a ***Memorandum Opinion and Order*** [*Doc. 19*], which

granted Plaintiff's motion to reverse or remand the administrative agency decision, and remanded

this case to the Commissioner for further proceedings consistent with the Memorandum Opinion

and Order.   The Court found that the ALJ erred in her consideration of the opinion of

Ms. Plummer regarding Plaintiffs limitations in pushing and pulling arm controls.   *Id.* at 9-10

and 12.   The Commissioner contends that her position in this case was substantially justified

because the ALJ relied on the opinion of Plaintiff's treating physician, Dr. Veitch, which was that

Plaintiff could return to light duty work.   [*Doc. 22* at 4-5].   The Commissioner further contends

that her position was substantially justified because the ALJ's decision was based on the record as a whole, and the Commissioner contends that the ALJ's failure to discuss this specific limitation was harmless because the ALJ considered the opinion and because Ms. Plummer was a non-acceptable medical source. *Id.* at 5.

As explained in the Memorandum Opinion and Order, the ALJ erred by failing to explain her rejection of Ms. Plummer's findings on Plaintiff's limitation in pushing and pulling arm controls, and the Court rejected the Commissioner's *post hoc* rationalization that Ms. Plummer is not an acceptable medical source. *See* [*Doc. 19* at 9-10]. The Tenth Circuit has held that where the Commissioner attempted to cure the ALJ's errors based on reasons that the ALJ did not explicitly cite, the Commissioner's position was not substantially justified and the denial of EAJA fees was improper. *See Hackett*, 457 F.3d at 1175. Similarly, in the Commissioner's response to Plaintiff's motion for EAJA fees, the Court finds that the Commissioner is belatedly attempting to cure the ALJ's errors in this case. Therefore, the Court finds that the Commissioner's position was not substantially justified, and recommends allowing payment of attorney fees.

**IT IS THEREFORE ORDERED**, for the reasons stated above, that Plaintiff's ***Opposed Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, With Memorandum in Support** (Doc. 21)* is **GRANTED**, and that Plaintiff is authorized to receive **$6,867.40** in attorney's fees for payment to her attorney for services before this Court, as permitted by the Equal Access to Justice Act, 28 U.S.C. § 2412, and in accordance with *Manning v. Astrue*, 510 F.3d 1246, 1255 (10th Cir. 2007).

**IT IS FURTHER ORDERED** that, if Plaintiff's counsel is ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's attorney shall refund the smaller award to Plaintiff pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 n.4 (2010) (explaining

that, if a claimant's counsel is ultimately granted attorney fees under § 406(b) out of the claimant's

benefit award, the claimant's attorney must refund to the claimant the amount of the smaller fee).

**IT IS SO ORDERED.**

_Lourdes A. Martínez_
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**